

**FILED**
**Mar 30, 2026**
**12:31 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **HARLAN PAUL MATTESON, JR.,**<br>Employee,<br>v.<br>**COCA-COLA CONSOLIDATED, INC.,**<br>Employer,<br>and<br>**INDEMNITY INSURANCE COMPANY,**<br>Carrier. | **Docket No. 2024-30-3105**<br><br>**State File No. 53982-2023**<br><br>**Judge Lisa A. Lowe** |

---

## COMPENSATION ORDER AWARDING BENEFITS

---

Mr. Matteson sustained a right-shoulder injury that Coca-Cola accepted. The parties settled the original award. This case is his petition for increased benefits. Coca-Cola challenged the appropriateness of a resulting award and the applicable multipliers if the Court awards additional disability benefits. For the reasons below, the Court grants Mr. Matteson's request for a resulting award.

### Claim History

Mr. Matteson injured his right shoulder while working for Coca-Cola. He received authorized treatment with Dr. David Hovis, who assigned a 6% rating and released him to full duty on May 23, 2024. Coca-Cola filled Mr. Matteson's position while he was treating. Upon his return, Coca-Cola offered him one of two lower-paying positions, and he accepted. When his initial compensation period expired, Mr. Matteson petitioned for a resulting award.

The parties agreed that Mr. Matteson is 50 years old and returned to a lesser-paying position at Coca-Cola. Further, he did not voluntarily resign or retire; was

1

not terminated for misconduct; and his pay reduction did not affect 50% of the employees at the same location.

Mr. Matteson argued that if an employee meets the criteria of Tennessee Code Annotated 50-6-207(3)(B) (2025), he is automatically entitled to the applicable increased benefit multipliers as a resulting award. Coca-Cola countered that the resulting award benefits are not automatic because the statute says, "if appropriate." Further, it argued that in determining the reasonableness of Mr. Matteson's return to work, the Court should consider that his pay reduction was not related to his work injury, since he was released to full duty and did not attempt to find a job outside Coca-Cola that equals his pre-injury pay.

### Findings of Fact and Conclusions of Law

Mr. Matteson must prove all elements of his claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

The governing statute for resulting awards is section 50-6-207(3)(B), which states, at the time the compensation period ends, if the employee has not returned to work or has returned making less than his pre-injury pay, the employee may file a claim for increased benefits. *If appropriate*, the original award shall be increased by multiplying by a factor of 1.35, which will be the resulting award. The resulting award shall be further increased by 1.2 if the employee is over 40 years old. (Emphasis added).

Additionally, section 50-6-207(3)(D) contains exceptions. An employee is not entitled to additional benefits if: the employee voluntarily resigned or retired for a reason not related to the work injury; the employee is terminated for misconduct; and/or if the employee's reduction in pay affects 50% of the employees at the same location.

Coca-Cola agreed that Mr. Matteson's post-injury pay is reduced and he is over the age of 40. Additionally, it did not argue that an exception applies.

The Appeals Board has held that by including the phrase "if appropriate" in authorizing a trial court to award increased benefits, the legislature expressed its intent that a trial court consider all relevant factors, including the reasonableness of an injured worker's ability and/or willingness to return to work in his disabled condition, and the employer's attempt to return the injured employee to work. Further, the determination of the reasonableness of the actions of the employer and

2

employee depends on the facts of each case. *Wright v. Tenn. CVS Pharm., LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 72, at \*12 (Oct. 31, 2019).

Based on the Appeals Board's ruling, the Court holds that the payment of benefits under Section 207(3)(B) is not automatic; it is based on the relevant factors in *Wright*.

The Court now turns to the circumstances of Mr. Matteson's return to work. He has worked for Coca-Cola for 30 years. When he was released to return to work, Coca-Cola had filled his previous position and gave him two options for lower-paying positions, one of which Mr. Matteson accepted. When asked why he did not seek a higher paying position with another employer, he testified that since he has worked with Coca-Cola for 30 years, he would not get the same benefits with another employer.

The Court finds that Mr. Matteson's decision to accept a lower-paying position with Coca-Cola was reasonable. His 30-year employment qualified him for certain employment-related benefits that he would likely not receive by starting work at a new employer. For this reason, Mr. Matteson is entitled to the 1.35 and 1.2 multipliers because of his current rate of pay and age, which equates to $19,987.56.

The cases Coca-Cola relied on for determining the reasonableness of Mr. Matteson's decision involved situations where the employer offered the employee a position at the same pay and the employee refused to accept or attempt the work. That is not the case here.

Mr. Matteson filed a motion for attorney fees four days before the Compensation hearing. Coca-Cola objected, since Mr. Matteson did not move the Court to modify the dispute certification notice to include fees as an issue. Mr. Matteson argued that the recent rule change allows the Court to exercise its discretion to consider an issue not included in the dispute certification notice. Tenn. Comp. R. & Reg. 0800-02-21-.02(13) (2026). The Court agrees with Mr. Matteson on the procedural issue and will consider whether he is entitled to attorney's fees.

The Court may award reasonable attorney fees when an employer unreasonably denies a claim or unreasonably fails to timely initiate permanent disability benefits if it finds that the benefits were owed at a compensation hearing. *Id.* § 50-6-226(d)(1)(B).

Here, Coca-Cola did not unreasonably deny or fail to timely initiate Mr. Matteson's resulting award. Because the payment of increased benefits is not automatic—meaning the Court is directed to consider all relevant factors, including the reasonableness of the employee's return or lack of return to work—the Court holds that Coca-Cola's failure to pay a resulting award was not unreasonable. Thus, Mr. Matteson is not entitled to attorney fees.

**IT IS, THEREFORE, ORDERED** as follows:

1. Coca-Cola shall pay Mr. Matteson a resulting award of $19,987.56. His attorney is entitled to 20% as fees.

2. Mr. Matteson is not entitled to attorney fees from Coca-Cola.

3. Coca-Cola shall pay the $150.00 filing fee within five business days of entry of this order, for which execution may issue if necessary.

4. Coca-Cola shall file a Statistical Data Form (SD-2) within 10 business days of this order becoming final.

5. Unless appealed, this order shall be final 30 days after entry.

**ENTERED March 30, 2026.**

_Lisa A. Lowe_

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

**APPENDIX**

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court considered in reaching its decision.

**Exhibits:**

1. Settlement Documents, approved May 16, 2024
2. Employer's Motion for Summary Judgment, with attached exhibits
3. Employee's Motion for Summary Judgment, with attached exhibits

4

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on March 30, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Tony Farmer, Employee's Attorney | | X | tony@farmerdreiser.com |
| Garrett P. Franklyn, Employer's Attorney | | X | gpfranklyn@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

     _____ Relationship: _____

6. I am employed by: _____

     My employer's address is: _____

     My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation    $ _____ per month    Child Support    $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____